[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Following trial by jury in the Montgomery County Common Pleas Court, the Defendant-Appellant was found guilty of two counts of Aggravated Robbery, with prior aggravated felony specification as to each count, and sentenced to 12 to 25 years. He appeals assigning two errors:
 I. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY LAW AND FACTS.
II. INEFFECTIVE ASSISTANCE OF COUNSEL.
On April 24, 1996, at approximately 2:30 A.M., Steve Bush and Jeremy Taulbee were walking to a local diner after an evening of heavy drinking. As they approached the diner they were accosted, beaten, and robbed by two individuals identified as Appellant Roop and LayRue Mitchell. The two suspects exited a Camaro auto prior to the commission of the crime.
A nearby resident, Travis Cagg, along with Tiffany and Bobby Conner witnessed and videotaped much of the robbery in progress.
Appellant's participation in the robbery was described by victim Bush, plus the videotaping witnesses. Victim Taulbee remembered nothing of the robbery, but described his injuries.
In statements to officers, Roop admitted he hit victim Bush. The two suspects were identified in court by several witnesses.
The Defendant did not testify.
 I.
Defendant-appellant claims that victim Bush was not credible as a witness and that the state failed to prove physical injuries to either victim.
We have reviewed the entire record in this case and find that an exhaustive recitation of the evidence is unnecessary. The verdict of the jury was supported by sufficient competent evidence to withstand the defendant's claim of failure of proof of all the essential elements of the crimes beyond a reasonable doubt. The jury did not "lose its way" and create a manifest miscarriage of justice," within the context of State v. Thompkins (1997),78 Ohio St.3d 380.
The first assignment of error is overruled.
 II.
In support of his claim of ineffective assistance of counsel Appellant makes several arguments, each of which is without merit.
First, he claims that although his attorney reserved opening statement to the close of the state's case, he did not give an opening statement at that point. The decision not to make a statement at this point was a tactical decision clearly invested in the professional judgment of the attorney.
Second, he claims counsel never called any witnesses, and made no challenges to statements made by the defendant to police. Nowhere does the record suggest that there were any witnesses that the attorney could have called that would have given aid and comfort to the defense. Herein the conduct of counsel was reasonable. Nor is there any suggestion that pretrial motions to suppress would have had any chance or likelihood of success. When the issue came up during trial, the court allowed the evidence of statement of defendant only after the officer stated that Miranda was given before the statement. The issue that could have been raised by pretrial motion to suppress was addressed appropriately at trial, and the defendant suffered no prejudice as a consequence.
Third, he claims counsel never called the Defendant to testify in his own behalf. This claim is spurious. The record demonstrates that both the judge and counsel questioned Defendant about his decision not to testify, and his decision was made notwithstanding the caveat.
Finally, he claims counsel never challenged the admissibility of the video tape evidence. Again, there is no evidence to support a claim that there was any error in the taking of the video or its admission as evidence in the case. The videographer testified in person as a part of the authenticating evidence, and verified that the video was a fair and accurate representation of what happened that night.
Our review upon this issue is instructed by State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E. 373, and Strickland v.Washington (1984), 466 U.S. 668. We find, in sum, that the representation provided by defense counsel did not substantially violate his duties to his client, and that none of the complained conduct prejudiced the defendant in any way.
The second assignment of error is overruled.
The judgment and sentence of the Montgomery County Common Pleas Court is Affirmed.
BROGAN, J., and KERNS, J,. concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District and Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Lynda K. Ashbery
Earl H. Moore
Hon. Jeffrey Froelich